IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | |
| Plaintiff, | ) ) | NO. 08-3287 |
| v. | ) ) | |
| LIVEDEAL, INC., a Nevada Corporation, d/b/a YP.com | ) ) ) | |
| Defendant. | ) ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Plaintiff, the State of Illinois, moves to remand this case to state court and seeks attorney fees [d/e 4].

Since jurisdiction is lacking, remand is necessary.

Fees are denied.

## I.  BACKGROUND

Defendant LiveDeal, Inc. ("LiveDeal") is a Nevada Corporation operating under the name YP.com.  Compl. ¶ 5.  Following consumer

complaints, the Attorney General of Illinois filed a Complaint against LiveDeal, Inc., in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois. Compl. ¶ 17. According to the Complaint, YP.com violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFDBPA"), 815 ILCS 505/1, *et seq.*, through dishonest telemarketing, billing, and cancellation practices. Compl. ¶¶ 8-25.

On December 12, 2008, LiveDeal removed the case to this Court. According to LiveDeal, removal under 28 U.S.C. § 1441 was proper because this Court has original jurisdiction over the matter, particularly diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal ¶ 3. The State, however, disagrees and moves to remand.

## II. ANALYSIS

### A. Removal

#### 1. General Rules

"A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance."

*Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (citing 28 U.S.C. § 1441)). The removal statute is narrowly construed, *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715-16 (7th Cir. 2000), and the burden of establishing that removal is proper rests with the proponent of federal jurisdiction, *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000).

LiveDeal alleges that removal can occur because diversity jurisdiction provides a source of original jurisdiction. Diversity jurisdiction over civil actions exists where two requirements are met: complete diversity and a controversy exceeding $75,000. 28 U.S.C. § 1332. The dispute here is whether the former requirement is satisfied.

    2.    **Real Party in Interest**

As relevant here, diversity exists where parties are "citizens of different States." 28 U.S.C. § 1332(d). In this case, LiveDeal is a citizen of Nevada. *See Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) ("all [corporations] are citizens both of the state of incorporation and the state in which the corporation has its principal place

of business"). The State of Illinois, however, is not a "citizen" for diversity purposes. *Indiana Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 109 (7th Cir. 1983) (citing *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482 (1891)). Therefore, if Illinois is the real plaintiff, diversity is lacking.

LiveDeal, however, asserts that Illinois is not the "real party in interest." Rather, it suggests that the victims of the alleged wrongdoing, mainly Illinois corporations, are the true parties in interest. This brings the Court to the crux of the dispute: whether the State of Illinois is the real party in interest when, in addition to injunctive relief and civil fines, it also seeks restitution for individual citizens.

"Ordinarily, [courts] look only to the citizenship of the named parties and not to the citizenship of the persons being represented by a named party in order to determine whether complete diversity exists." *CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) (citing *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989)). Nevertheless, "a party who has no real interest in the outcome of the litigation should not be able to use its

citizenship to transform a local controversy into a federal case." *Id.* In such cases, courts must look beyond the named party and determine diversity according to the citizenship of the real party in interest. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 595 (7th Cir. 1990).

To determine whether the state is the real party in interest, the Court must analyze the "essential nature and effect of the proceeding." *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241 (7th Cir. 1981) (citations and internal quotations omitted). This determination may be made by looking at the relief sought in the Complaint. *See Missouri, Kansas, & Texas Railway Co. v. Hickman*, 183 U.S. 53, 59-61 (1901) (determining that state was not the real party in interest, because any relief sought would not inure to the state). In this case, the State seeks several forms of relief including: (1) a finding of a violation of the CFDBPA; (2) an injunction barring LiveDeal from providing its services in Illinois; (3) rescission of LiveDeal's contracts

and "full restitution" for victims; (4) civil penalties; and (5) payment by LiveDeal of the costs of the suit.

Seizing on the request for restitution, LiveDeal asserts that the State is merely vindicating the rights of a small group of citizens. The other relief, LiveDeal claims, is subordinate. For support, LiveDeal cites *Missouri, Kansas, & Texas Railway Co. v. Hickman*, 183 U.S. 53 (1901). In *Hickman*, the Court asked whether a state was the real party in interest when it brought a suit against a railway company that refused to comply with the orders of a state board of railroad commissioners. *Id.* at 54-60. In answering this question, the Court observed that "it may fairly be held that the state is such a real party when the relief sought is that which inures *to it alone*, and in its favor the judgment or decree, if for the plaintiff, will effectively operate." *Id.* at 59 (emphasis added). In the suit before it, the Court concluded that the State was not the real party in interest because the case was "not an action to recover any money for the state" and the suit's "results will not inure to the benefit of the state as a state in any degree." *Id.*

6

Defendant focuses on the phrase "inures to it alone," suggesting that even if a state seeks relief for itself, it is no longer the real party in interest if private parties will also benefit. Courts, however, have refused to read *Hickman* so narrowly. *Wisconsin v. Abbott Labs., Amgen, Inc.*, 341 F. Supp. 2d 1057, 1063 (W.D. Wis. 2004) (noting that "lower courts have not strictly construed the language in *Missouri*, but instead have focused on the state's interest, monetary or otherwise, in the context of the entire case"); *State of W. Va. v. Morgan Stanley & Co.*, 747 F. Supp. 332, 338 (S.D.W. Va. 1990) (collecting cases and noting that "[a] narrow reading of *Missouri* would suggest that the state is the real party in interest for diversity purposes only when the relief sought inures to the benefit of the state alone" but noting that cases have only required "a real interest, pecuniary or otherwise, in the outcome of the litigation"). Rather, courts only require that the plaintiff has "'a substantial stake in the outcome of the case.'" *Abbott Labs.*, 341 F. Supp. 2d at 1061 (quoting *Morgan Stanley*, 747 F. Supp. at 337). *See also Hood ex rel. Mississippi v. Microsoft Corp.*, 428 F. Supp. 2d 537, 545-46 (S.D. Miss. 2006).

The question, then, is whether Illinois has a "substantial stake in the outcome of the suit." This Court concludes that it does.

First, Illinois courts have held that when an Attorney General brings suit under the CFDBPA, the State is not only the primary party in interest, but the *sole* party in interest. As one court explained:

> Even though the transactions underlying this action arose between individual consumers and defendant, the action stems from the Attorney General's duty to enforce the Consumer Fraud Act. An action filed by the Attorney General under the Act is essentially a law enforcement action designed to protect the public, not to benefit private parties. . . . [A]lthough restitution may benefit aggrieved consumers, the remedy flows from the basic policy that those who engage in proscribed conduct or practices surrender all profits flowing therefrom. Because the nature and object of the Act and its remedies are indisputably the protection of the public interest, we believe that the legislature intended the State to be the only real party in interest . . . .

*People ex rel. Hartigan v. Lann*, 225 Ill. App. 3d 236, 240-41 (1992). Thus, under Illinois law, the State is treated as the real party in interest.

Second, even apart from Illinois case law, it is clear that the relief sought primarily benefits the State. Although the State seeks restitution, it also asks for wide-ranging injunctive relief, including barring LiveDeal from doing business in Illinois. This weighs heavily in favor of finding a state interest. *Abbott Labs.*, 341 F. Supp. 2d at 1063 (noting that injunctive relief "goes beyond addressing the claims of previously injured organizations or individuals"). Further, even looking solely to monetary damages, the civil penalties alone may well dwarf any restitutionary recovery, since the Complaint requests up to $50,000 *per violation* if LiveDeal acted with intent to defraud. *See* 815 ILCS 505/7(b). Thus, the relief sought here bolsters the conclusion that Illinois has a substantial stake in the outcome of the suit.

Therefore, this Court concludes that Illinois is the the real party in interest. Accordingly, diversity jurisdiction is lacking and removal was improper.[1]

---

[1] LiveDeal also makes a number of arguments suggesting that the Illinois Attorney General lacks the power to bring a suit in *parens patriae* capacity. The question here, however, is jurisdiction, not standing or the constitutionality of Illinois statutes. These issues are for the state court.

### B. Costs and Attorney Fees

The State also requests costs and attorney fees under 28 U.S.C. § 1447(c). Although the court in *Abbott Laboratories* granted attorney fees on very similar facts, this Court declines to do so. *Abbott Laboratories* was decided before *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), which instructs that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Given the lack of controlling authority on point, such a basis existed in this case. Therefore, costs and fees are denied.[2]

### III. CONCLUSION

---

*See State of W. Va. v. Morgan Stanley & Co.*, 747 F. Supp. 332, 340 (S.D.W. Va. 1990).

[2]Of course, this may not matter if the State ultimately prevails, because it also seeks to recover its costs under Illinois law. *See* 815 ILCS 505/10. Once again, however, the ultimate availability and scope of costs is a matter for the state courts.

10

In sum, the motion to remand is **GRANTED** but costs and fees are **DENIED**. The clerk is directed to prepare a certified copy of this order and forward it to the clerk of the Circuit Court for the 7th Judicial Circuit, Sangamon County, Illinois.

IT IS SO ORDERED.

ENTERED:	February 12, 2009

FOR THE COURT:	/s Judge Richard Mills
	United States District Judge